Judge Mills
delivered the opinion of the Court.
Evans and wife, brought an action against Smith, for slanderous Words spoken of, and concerning the wife, which was tried on the general issue, and a verdict and judgment rendered for the plaintiff, to reverse which, this writ of error is prosecuted.
Testimony offered and 'rejected.
Endorser of slander is responsible.
Declarations band6 made pending an action for the wife^thathe believed defendanthad «d^iheflan1" <ler but had only repeat-°0 t^°'s ad missibíeta" mitigation of damages.
Statements of facts made in for comprom” ise, are evidonee; offers termTctfseitíement are not-
On the trial, the defendant offered to prove, that; the male plaintiff had said after the action brought, that he did not believe the defendant originated the report against his wife, and that he had merely related what he had heard; but that it was necessary to sue somebody to stop the report. To this evidence, the plaintiff objected, and it was rejected by the court, on the grounds that this statement was made by the male plaintiff during an attempt to compromise the suit.
That one who details slander, which he has heard from others endorses it, so as to make himself liable -co an acjq0n thereby, cannot be denied, J
But it is equally true, that barely stating what is told by others, has not tbe stamp of malice so strongly imprinted thereon, as original slander, and the circumstances may, therefore, be used in mitigation of damages. This action, it is true, was brought for the slander against the wife; but her husband .is united in the action, and is entitled to tbe damages recovered, and the expressions offered ™ ev^ence5 as use^ by him, although theyjffffVé'ot tend to shew that tbe defendant was not,guilty, yet they did conduce to shew, that he did not view the ffauder to be of such aggravated character, as origbial slander would have been, and-.therefore, the evidence was proper to have such weight, as the jUVy might think it entitled to, in lessening the damages to be assessed by thorn.
The question remains, ought these admissions to have been rejected because they were used pending a compromise?. We think not. Offers of sums, pric.es or payments, made during an attempt to compromise, if not accepted, are not obligatory uporp the party making them, and cannot be given evidence against him, as proving his liability, of fixing its amount, because he may make what offers he pleases, for the purpose of buying his peace, without being prejudiced thereby; but if a party pending a negotiation for settling the suit, shall acknowledge or admit facts to exist touching the controversy, wp are aware of no rule which excludes such admissions as not good evidence against him.' *365 This distinction between the offers of terms pending such a treaty, and the admission and acknowledgement of the existence of facts, seems not to have been sufficiently attended to by the court below in deciding'this question. For the admission offered, was certainly an acknowledgement of the existence of facts proper to be proved on the trial.
It may be proved against the credit of a witness, that sbe has the reputation of an unchaste woman, but not that she does in fact o7concubfn-° age,
.Breck, for plaintiff; Turner, for defendant.
As the cause is to be opened for this error, wc will notice another, committed against the defendant, which may again occur, on a future trial of the cause.
The counsel for plaintiff asked a witness, the following question: Is not the reputation of a .female witness, (naming her,) introduced for the defendant, that of an unchaste woman? Has she not lived with a certain man as his wife, four or five years, without having been married to him? This question was objected to by defendants counsel, but the court permitted it to be asked and answered.
It is decided, that the general moral character of a witness, may be proved either to corroborate or. discredit him; but it is as clearly settled that to discredit a witness, a party cannot prove particular instances of moral turpitude, and the latter part of this question was evidently an attempt to do so, and therefore, ought to have been excluded by the court.
The judgment, must therefore, be reversed with costs, and the verdict be set aside, and the cause be remanded for new proceedings not inconsistent with this opinion.